UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT EARL DAVIS,

    Plaintiff,

    v.

RHONDA ADKINS, et al.,

    Defendants.

CAUSE NO. 3:22-CV-129-JD-MGG

OPINION AND ORDER

Robert Earl Davis, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges that he is allergic to the solution used to test for tuberculosis (TB). The solution causes his arm to itch and well. His asserts that his medical file has noted the allergy since 2012. He has brought his allergy to the attention of medical staff at ISP at each of his annual screenings. Still, on June 19, 2019, and March 28, 2020, Davis was subjected to the test and suffered allergic reactions. He submitted to the test despite his

allergy because he was told he would be placed in segregation for quarantine if he refused the TB test.

The June 19, 2019, test was administered by Rhonda Adkins after consulting with Sheri Fritter. When Adkins checked his arm, she told him he would not need to take the test again. Suits filed under § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). This claim accrued on June 19, 2019, and Davis did not file this lawsuit until February 17, 2022. He filed his complaint approximately eight months too late to pursue his claims based on the June 19, 2019, incident.

The March 28, 2020, test was administered by Deanna J. Laughlin, after Davis told her that he was allergic to the solution used for the test. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant

2

"acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). Giving Davis the benefit of the inferences to which he is entitled at this juncture, he has stated a claim against Laughlin.

He filed a grievance based on the March 28, 2020, injection, and Sheri Fritter, RN, responded, indicating that another method would be used to test Davis for TB in the future. The complaint does not allege that Fritter was involved in the decision to give Davis the TB test in 2020 despite his assertion that he was allergic to the solution used for the test. To the extent he is suing Fritter for her role in responding to his grievance

3

following the March 28, 2020, injection, he cannot state a claim. Davis has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Davis has sued Wexford of Indiana, LLC, over these events too. He alleges that he was harmed by Wexford's staff because of its lack of oversight and supervision. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Davis' allegations against Wexford of Indiana, LLC, are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wexford of Indiana, LLC.

Davis also sued Ron Neal for not taking corrective action to ensure that he was not subjected to the TB tests. This claim appears to be related to the 2019 occurrence and is therefore barred by the statute of limitations. To the extent this claim concerns the test in 2020, the complaint does not allege that Neal was personally involved in the decision to administer a TB test to Davis despite his assertion that he was allergic to the solution and medical records documenting his allergy. There is no general respondeat superior liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Therefore, Davis cannot proceed against Neal.

4

For these reasons, the court:

(1) GRANTS Robert Earl Davis leave to proceed against Deanna J. Laughlin in her individual capacity for compensatory and punitive damages for administering a tuberculosis test on March 28, 2020, despite Davis alerting her that he is allergic to the solution used for the test and medical records documenting the allergy, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Rhonda Adkins, Sheri Fritter, Wexford of Indiana, LLC, and Ron Neal;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deanna J. Laughlin at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deanna J. Laughlin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 9, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT